UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

J & J SPORTS PRODUCTIONS, INC.,

        Plaintiff,

-against-

AHUACHAPAN CORP. d/b/a Ahuachapan Restaurant
and NERIS ESQUIVAL,

        Defendants.

**MEMORANDUM
AND ORDER**
17-CV-01184 (LDH) (PK)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

 Plaintiff J & J Sports Productions, Inc., commenced this action on March 2, 2017. (ECF No. 1.) Defendants Ahuachapan Corp. ("Ahuachapan") and Neris Esquival were served on April 18, 2017. (ECF Nos. 5, 6.) Plaintiff asserts seven claims against Defendants under various provisions of the Federal Communications Act (the "FCA"), codified at 47 U.S.C. §§ 553(a), 605(a), and 605(e)(4). (Compl. ¶¶ 22–23, 33–35, 42–43, 46–49, 57–58, 62–63, ECF No. 1.) Plaintiff alleges actual damages of $4,573.75, comprising $1,200.00 in lost licensing fees, $1,373.75 in lost pay-per-view charges, and $2,000.00 for damage to Plaintiff's goodwill and reputation. (Pl.'s Mem. Supp. Req. Default J. ("Pl.'s Mem.") at 10–13, ECF No. 12.) Plaintiff argues that, because Defendants' conduct was willful, treble damages amounting to $13,720.50 are warranted. (*Id.* at 17.) Plaintiff further seeks to recover costs of $470.00 and prejudgment interest at the rate of 9% annually since March 8, 2014, but not attorney's fees. (*Id.* at 18.)

 Defendants failed to appear in this matter, and an entry of default was entered by the Clerk of the Court on July 6, 2017. (ECF No. 10.) On September 6, 2017, Plaintiff moved for a default judgment against both Defendants. (ECF No. 11.) This Court referred the motion to Magistrate Judge Peggy Kuo, who issued a report and recommendation on September 10, 2018 (the "R&R"). (ECF No. 19.) Plaintiff timely filed an objection (the "Objection") challenging

Magistrate Judge Kuo's recommendation that the Court deny a default judgment against Defendant Esquival, as well as challenging the amount of damages assessed against Defendant Ahuachapan. (ECF No. 21.) The Court adopts the R&R except as modified below.

## STANDARD OF REVIEW

The Court reviews de novo any portion of the R&R to which a party objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). As to the remainder, "the district court need only satisfy itself that there is no clear error on the face of the record." *Estate of Ellington ex rel. Ellington v. Harbrew Imps. Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001) (internal quotation marks omitted)).

## BACKGROUND[1]

Plaintiff had exclusive licensing rights to exhibit—and to authorize others to exhibit—the closed-circuit telecast of a March 8, 2014 boxing program (the "Event"). (Compl. ¶¶ 7–11; *see also* ECF No. 16-1 (licensing agreement).) The transmission of the Event was electronically coded or "scrambled" to prevent unauthorized third parties from viewing it. (Compl., ¶ 12.) Those who contracted with Plaintiff to broadcast the Event were provided with the electronic equipment and satellite coordinates necessary to receive the signal of the Event. (*Id.* ¶ 14.) The licensing fee for an establishment with a capacity of 100 or fewer persons was $1,200.00. (ECF No. 13-3.)

Defendant Ahuachapan is a New York corporation doing business as a restaurant located at 214-21 Jamaica Avenue, Queens Village, New York. (Compl. ¶ 5.) Plaintiff alleges, upon

---

[1] The following facts are taken from the complaint, Plaintiff's submissions filed in connection with its motion for default judgment, and the R&R. Where, as here, a defendant defaults, "a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor, but it is also required to determine whether [the plaintiff's] allegations establish [the defendants'] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (internal quotation omitted).

2

information and belief, that Defendant Esquival is an "officer[], director[], shareholder[] and/or principal[]" of Defendant Ahuachapan. (*Id.*) Around midnight on the morning of March 9, 2014, an auditor observed approximately 20 to 25 persons watching the Event on the sole television in Defendant Ahuachapan's restaurant. (ECF No. 16-4 at 2, 4.) Defendants did not contract with Plaintiff to display the Event. (Compl., ¶ 13.)

Magistrate Judge Kuo recommended that the Court deny Plaintiff's motion for a default judgment against Defendant Esquival and grant the motion as to Defendant Ahuachapan for liability under § 605(a) of the FCA but not §§ 553(a) or 605(e)(4).[2] (R&R 1.) She reasoned that the complaint alleges that the Event originated as a radio communication subject to § 605(a), not a cable communication subject to § 553(a), and that § 605(e)(4) "is not aimed at the ultimate consumer or end-user of pirating devices, but rather upstream manufacturers and distributors." (R&R 6–8.) Magistrate Judge Kuo recommended that the Court award Plaintiff actual damages against Defendant Ahuachapan "based on the customary $54.95 pay-per-view charge that each of the 25 people [viewing the Event at Defendant Ahuachapan's restaurant] would have paid to view it at home." (R&R 10.) This results in actual damages of $1,373.75.[3] Magistrate Judge Kuo further recommended awarding Plaintiff enhanced damages of three times the amount of actual damages, in light of Defendant Ahuachapan's willful conduct. (*Id.* at 11–12.) This results in enhanced damages of $4,121.25.[4] Finally, Magistrate Judge Kuo recommended awarding

---

[2] Section 553(a) of the FCA prohibits the unauthorized interception of communications offered over a "cable system." 47 U.S.C. § 553(a)(1). Section 605(a) prohibits the unauthorized interception of "any radio communication." 47 U.S.C. § 605(a). Section 605(e)(4) prohibits the manufacture, assembly, modification, and sale of satellite-decryption devices. 47 U.S.C. § 605(e)(4).

[3] The R&R appears to miscalculate the actual damages as $1,373, omitting the additional 75 cents that result from multiplying the per-person pay-per-view rate of $54.95 by 25 persons. (R&R 10.)

[4] The R&R appears to multiply $1,373 by three, producing enhanced damages of $4,119. (*Id.* at 12.) Trebling $1,373.75, however, produces the slightly higher enhanced-damages calculation of $4,121.25 applicable here.

3

Plaintiff $470.00 in costs. (*Id.* at 12.) Plaintiff objects only to Magistrate Judge Kuo's recommendation to deny Plaintiff's motion for a default judgment against Defendant Esquival and her calculation of damages against Defendant Ahuachapan. (*See generally* Objection 2–7.)

## DISCUSSION

### I. Defendant Esquival's Liability

Plaintiff does not seek to hold Defendant Esquival directly liable for the March 8, 2014 broadcast. Rather, Plaintiff's theory of liability as to Defendant Esquival is based on the alternative theories of vicarious liability and contributory liability, each drawn from the copyright context, that allow for individual corporate officers to be held liable for their companies' FCA violations. *See, e.g.*, *J & J Sports Prods., Inc. v. Guncay*, No. 18-CV-2097, 2018 WL 6313210, at *2 (E.D.N.Y. Oct. 17, 2018), *R. & R. adopted*, 2018 WL 6308773 (Dec. 3, 2018); *J & J Sports Prods., Inc. v. James*, No. 17-CV-5359, 2018 WL 3850731, at *4 (E.D.N.Y. July 25, 2018), *R. & R. adopted*, 2018 WL 3848921 (Aug. 13, 2018); *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505, 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016). The Court agrees that the facts of this case do not permit the application of contributory liability against Defendant Esquival. However, the Court does not agree with the R&R's determination as to vicarious liability.

In assessing Plaintiff's claim against Defendant Esquival, the R&R states that "for Plaintiff to establish Esquival's vicarious liability for Ahuachapan's violation of the FCA, it must plead that he authorized the exhibition of the Event, had a right and ability to supervise it, and had an obvious and direct financial interest in its exploitation." (R&R 5.) This is a misstatement of the law, as it erroneously conflates the distinct legal standards for contributory and vicarious liability. Contributory liability applies where the officer himself "authorized the infringing use."

4

*Softel, Inc v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997) (quoting *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 437 (1984) (brackets omitted)). Alternatively, vicarious liability for copyright infringement can be established where a corporate officer had (1) a "right and ability to supervise" the company's activities and (2) "an obvious and direct financial interest in the exploitation of copyrighted materials" by the corporate entity. *Softel*, 118 F.3d at 971 (quoting *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963)). Notably, there is no requirement that a corporate officer have authorized the infringement to be vicariously liable for it.

Plaintiff's uncontroverted allegations against Defendant Esquival satisfy both elements of vicarious liability. As to the first element, state records list Esquival as Ahuachapan's chief executive officer. (ECF No. 21-1.) It is hard to imagine a CEO without control over his or her company. *See, e.g.*, *Wansdown Props. Corp., N.V. v. Azari*, 86 N.Y.S.3d 469, 471 (App. Div. 2018) ("Under New York law, the president or other general officer of a corporation has power, prima facie, to do any act which the directors could authorize or ratify." (internal quotation marks and brackets omitted)). Moreover, Plaintiff alleges that Esquival is an officer, director, shareholder, and/or principal of Ahuachapan. (Compl. ¶ 5.) Finally, Plaintiff alleges that Esquival was listed as a principal on Ahuachapan's state-issued liquor license (*id.* ¶ 16), which, under New York law, required that Esquival "be the owner [of the establishment], or . . . [have] control over the food and beverage at the premises," N.Y. Alco. Bev. Cont. Law § 106(1). These facts are sufficient to establish Esquival's right and ability to supervise the infringing activities. *Cf. J & J Sports Prods., Inc. v. Mangos Steakhouse & Bakery, Inc.*, No. 13-CV-5068, 2014 WL 2879868, at *5 & n.9 (E.D.N.Y. May 7, 2014) ("[M]indful of the difficulty that plaintiffs face in producing evidence in default cases such as this, and in keeping with the majority of courts in

5

this district, the Court recommends that the individual defendant be held vicariously liable."), *R. & R. adopted*, 2014 WL 2879890 (E.D.N.Y. June 24, 2014).

In determining whether a complaint has established the second prong of vicarious liability, courts have looked to whether "the plaintiff showed direct financial gain, such as a cover charge on the night of the event[,] . . . [or] strong indirect evidence of financial gain, such as a bar hosting a large number of patrons, who would presumably purchase drinks during the broadcast." *LX Food*, 2016 WL 6905946, at *3. Here, there was no cover charge, but the undisputed facts establish that the space was fairly busy. (*See* ECF No. 16-4 at 4.) Ahuachapan's dining area contained approximately only 4 to 8 tables, and approximately 20 to 25 persons were watching the Event and ordering food and drinks. (*See id.*) In *J & J Sports Productions, Inc. v. Mangos Steakhouse & Bakery, Inc.*, the district court imposed vicarious liability on the individual defendant where there were "approximately twenty-two patrons on the premises at the time of the broadcast." 2014 WL 2879868, at *1. Like the district court in *Mangos*, this Court is persuaded that Plaintiff's uncontroverted allegation that 20 to 25 patrons viewed the Event while purchasing food and drinks from Ahuachapan is enough to impose vicarious liability on its chief executive, Esquival. Thus, Esquival is jointly and severally liable for actual damages caused by Ahuachapan's violation.[5]

Unlike Ahuachapan, however, Esquival is not liable for enhanced damages. The R&R correctly sets forth the standard for applying enhanced damages under the FCA:

> The Court may enhance its award of damages by an amount up to $100,000 per violation if the plaintiff establishes that the violation "was committed willfully

---

[5] The Court is aware of another case in this district where a district court declined to impose vicarious liability on the grounds that the individual defendant did not have "anything to do with the decision to display the [e]vent." *J & J Sports Prod., Inc. v. El Ojo Aqua Corp.*, No. 13-CV-6173, 2014 WL 4700014, at *4 (E.D.N.Y. Aug. 29, 2014), *R. & R. adopted*, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014). Although such a showing may be necessary to establish contributory liability, it goes beyond the mere "right and ability to supervise" necessary to establish vicarious liability under *Softel*, 118 F.3d at 971.

and for purposes of direct or indirect commercial advantage or private financial gain[.]" 47 U.S.C. § 605(e)(3)(C)(ii). Willfulness is defined as "disregard for the governing statute and an indifference for its requirements." *Trans World Airlines, Inc. v. Thurston*, 569 U.S. 111, 126-27 (1985). Willfulness is "established by the act that an event is broadcast, without authorization, through a defendant's cable box." [*Garden City Boxing Club, Inc. v.*] *Bello*, 2005 WL 2496062, at *4 [(E.D.N.Y. Sept. 20, 2005)] (citing [*Time Warner Cable v.*] *Googies Luncheonette, Inc.*, 77 F.Supp.2d [485,] 490 [(S.D.N.Y. 1999)] ("signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems")).

(R&R 10-11.) Magistrate Judge Kuo recommended that enhanced damages should be awarded against Ahuachapan because it "could not have obtained the transmission of the Event without wrongful interception." *Id.* at 11. The same logic does not apply to Esquival because, as discussed above, his liability stems from his right and ability to supervise Ahuachapan's activities (combined with his obvious and direct financial interest in Ahuachapan's exploitation of the Event). Plaintiff has alleged no facts that would raise an inference of Esquival's willful, direct participation in the violation. *Cf. J & J Sports Prods., Inc. v. Sugar Cafe Inc.*, No. 17-cv-5350, 2018 WL 324266, at *3 (S.D.N.Y. Jan. 5, 2018) ("Plaintiff has not established, for example, that [the corporate officer] was personally involved in approving the decoding of the signal or otherwise knew that the fight was being unlawfully intercepted."). Esquival is therefore not liable for enhanced damages.

## II. The Amount of Damages

Although Plaintiff states that it objects to the amount of damages assessed against Ahuachapan, Plaintiff does not substantiate its objection with any specific allegations or legal arguments. (Objection 1.) Objections must be "specific . . . to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). Where, as here, objections are conclusory, the Court reviews them for clear error only. *See, e.g.*, *Whyte v. Commonwealth Fin. Sys.*, No. 14-CV-7030, 2015 WL 7272195, at *2 (E.D.N.Y. Nov. 17, 2015) ("Plaintiff's 'objections' to the R&R are

neither specific, nor clearly aimed at particular findings. . . . The Court therefore reviews Plaintiff's objections for clear error, and finds none."); *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *2 (E.D.N.Y. June 18, 2012) ("[A]bsent a specific challenge to any of [the magistrate's] findings or conclusions therein, [an R&R] is reviewed only for clear error."), *aff'd*, 529 F. App'x 97 (2d Cir. 2013) (summary order); *Jones v. Smith*, No. 9-CV-6497, 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (collecting S.D.N.Y. cases). There is no clear error in Magistrate Judge Kuo's calculation of damages as to Ahuachapan.

## CONCLUSION

The Court has reviewed the remainder of the R&R for clear error and, finding none, adopts the R&R except as to Defendant Esquival's vicarious liability. For the foregoing reasons, Plaintiff's motion for entry of a default judgment against both Defendants, Ahuachapan and Esquival, is GRANTED. The Court awards Plaintiff $1,373.75 in actual damages and $470.00 in costs against Defendants Ahuachapan and Esquival, who are jointly and severally liable for that sum. The Court further awards Plaintiff $4,121.25 in enhanced damages against Defendant Ahuachapan alone.

SO ORDERED.

Dated: Brooklyn, New York
      March 20, 2019

/s/ LDH
L ASHANN D EARCY HALL
United States District Judge